IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MICHAEL D. WATSON, JR., in his
Official Capacity as Secretary of
State and Trustee of the Public
Tidelands Trust                                                           PLAINTIFF

v.                                                           CAUSE NO. 1:19cv989-LG-RHW

U.S. ARMY CORPS OF
ENGINEERS, et al.                                                        DEFENDANTS

ORDER GRANTING MOTION TO INTERVENE
FILED BY THE STATE OF LOUISIANA

**BEFORE THE COURT** is the [30] Motion to Intervene filed by the State of Louisiana, ex rel. Jeff Landry, Attorney General of the State of Louisiana, by and through the Coastal Protection and Restoration Authority and the Coastal Protection and Restoration Authority Board.  None of the current parties to the lawsuit have filed a response to the Motion.  After reviewing the Motion, the record in this matter, and the applicable law, the Court finds that the Motion to Intervene should be granted.

BACKGROUND

The Bonnet Carré Spillway was constructed in St. Charles Parish, Louisiana, as part of the Mississippi River and Tributaries Project.  It was designed to divert water from the Mississippi River into Lake Pontchartrain in an effort to prevent flooding.  After entering Lake Pontchartrain, the water diverted by the Spillway flows into the Mississippi Sound.

The plaintiff, who filed this lawsuit in his capacity as Secretary of State and Trustee of the Public Tidelands Trust for the State of Mississippi, has sued the U.S. Army Corps of Engineers and General Todd T. Semonite in his official capacity as commanding general of the U.S. Army Corps of Engineers. The plaintiff has also sued the Mississippi River Commission and General R. Mark Toy in his official capacity as President-Designee of the Mississippi River Commission.

The plaintiff claims that the defendants did not adequately consider the impact that the opening of the Spillway would have on the Mississippi Sound when they performed the initial Environmental Impact Statement (EIS) required by the National Environmental Policy Act ("NEPA"). In addition, the plaintiff claims that the defendants should be required to perform a supplemental EIS to account for changed circumstances including "increased water volumes" that have caused the defendants to open the Spillway more frequently and for lengthier periods of time. (Compl., at 3-4, ECF No. 1.) The plaintiff argues that the defendants should be required to open the Morganza Spillway, which is located in central Louisiana "to mitigate the freshwater inundation of the Mississippi Sound by diverting at least some volume of flood water into the Atchafalaya Floodway, thereby alleviating the severity of the impact to the Mississippi Sound." (*Id.* at 15.) The plaintiff seeks declaratory and injunctive relief.

Louisiana filed the present Motion seeking permission to intervene in the lawsuit. It claims that the plaintiff's "requested relief, if fully granted, will have an impact on Louisiana citizens, including lives, properties, and businesses affected by

the operation of the Bonne Carré and Morganza Spillways." (Louisiana's Mem., at 6, ECF No. 31.)

## DISCUSSION

The Federal Rules of Civil Procedure provide:

> On timely motion, the court must permit anyone to intervene who:
> (1) is given an unconditional right to intervene by a federal statute; or
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24. "Although the movant bears the burden of establishing its right to intervene, Rule 24 is to be liberally construed." *Adam Joseph Res. v. CNA Metals Ltd.*, 919 F.3d 856, 864 (5th Cir. 2019) (quoting *Brumfield v. Dodd*, 749 F.3d 339, 341 (5th Cir. 2014)). In order to intervene, a party must demonstrate that "(1) it timely applied; (2) it has an interest relating to the property or transaction that is the subject of the case; (3) disposition of the case may practically impair or impede its ability to protect its interest; and (4) it is inadequately represented by the existing parties." *CNA Metals Ltd.*, 919 F.3d at 865.

The timeliness factor requires consideration of whether:

> (1) the length of time during which the intervenor actually knew or reasonably should have known of his interest in the case; (2) the extent of prejudice to the existing parties to the litigation; (3) the extent of prejudice to the would-be intervenor; and (4) unusual circumstances.

*Id.* It is unclear when Louisiana learned of its interest in this lawsuit. This lawsuit has been pending for five months, and none of the current parties to the case have identified any prejudice that they would suffer if Louisiana is permitted to

intervene. There is no indication that permitting Louisiana to intervene at this early stage of litigation would delay resolution of the case. Louisiana could be prejudiced if it is not allowed to intervene because decisions made in this lawsuit may impact Louisiana and its residents. Finally, there are no unusual circumstances affecting the timeliness of Louisiana's Motion. As a result, the Court finds that Louisiana's Motion to Intervene is timely.

As for the second and third factors, Louisiana has demonstrated that it has an interest in the subject matter of this lawsuit and that its ability to protect its interests could be impaired by a ruling in this lawsuit. The Bonnet Carré Spillway, Morganza Spillway, and other components of the Mississippi River and Tributaries Project are located in Louisiana. If the Morganza Spillway is opened, as the plaintiff requests, river water would be diverted into the Atchafalaya Floodway, which is located in Louisiana. Therefore, operation of the various components of the Mississippi River and Tributaries Project impacts Louisiana because Louisiana cities and towns can experience flooding from the Mississippi River.

Finally, Louisiana's interests are inadequately represented by the existing parties. In its Memorandum in Support of its Motion, Louisiana explains:

> While [Louisiana] joins the Defendants in opposing the injunctive relief requested insofar as it would require the opening of the Morganza Spillway to divert some flood water into the Atchafalaya Floodway, Louisiana does not necessarily agree that Secretary Watson is entirely unentitled to relief, as argued by the Corps and MRC in their Motion to Dismiss. Instead, while Louisiana supports the operation of the Bonnet Carré Spillway to protect lives and property, it also recognizes that the Corps could take steps to manage water resources differently during high water events.

(Louisiana's Mem., at 16, ECF. No. 31.)

After reviewing all of the relevant factors, the Court finds that Louisiana should be permitted to intervene in this lawsuit as a matter of right. At this time, the Court finds that Louisiana should be classified as an intervenor defendant. The Court may reconsider Louisiana's proper classification as the litigation progresses, if necessary.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [30] Motion to Intervene filed by the State of Louisiana, ex rel. Jeff Landry, Attorney General of the State of Louisiana, by and through the Coastal Protection and Restoration Authority and the Coastal Protection and Restoration Authority Board is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Clerk of Court is directed to add the State of Louisiana, ex rel. Jeff Landry, Attorney General of the State of Louisiana, by and through the Coastal Protection and Restoration Authority and the Coastal Protection and Restoration Authority Board to the docket sheet of this lawsuit as an "intervenor defendant."

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the State of Louisiana, ex rel. Jeff Landry, Attorney General of the State of Louisiana, by and through the Coastal Protection and Restoration Authority and the Coastal Protection and Restoration Authority Board, must file its Answer to the Complaint within **SEVEN DAYS** of the date of this Order.

**SO ORDERED AND ADJUDGED** this the 12th day of June, 2020.

-6-

                                                                         s/ *Louis Guirola, Jr.*
                                                                LOUIS GUIROLA, JR.
                                                               UNITED STATES DISTRICT JUDGE