IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MICHAEL D. WATSON, JR., in his**
**official capacity as Secretary of**
**State and Trustee of the Public**
**Tidelands Trust**                                                            **PLAINTIFF**

**v.**                                                      **CAUSE NO. 1:19cv989-LG-RPM**

**U.S. ARMY CORPS OF ENGINEERS;**
**GENERAL TODD T. SEMONITE, in**
**his official capacity as the**
**Commanding General of the United**
**States Army Corps of Engineers;**
**MISSISSIPPI RIVER COMMISSION;**
**GENERAL R. MARK TOY, in his**
**official capacity as the President-**
**Designee of the Mississippi River**
**Commission**                                                              **DEFENDANTS**

**ORDER GRANTING PLAINTIFF'S SECOND MOTION FOR**
**JURISDICTIONAL DISCOVERY AND TAKING UNDER**
**ADVISEMENT DEFENDANT'S MOTION TO DISMISS**

**BEFORE THE COURT** is the [14] Motion to Dismiss for Lack of

Jurisdiction and Failure to State a Claim filed by the defendants and the [49]

Second Motion for Jurisdictional Discovery filed by the plaintiff.  The parties have

fully briefed the Motions.  After reviewing the submissions of the parties, the record

in this matter, and the applicable law, the Court finds that the plaintiff's request for

jurisdictional discovery should be granted.  The Court will take the defendants'

Motion to Dismiss under advisement and will permit the parties to file

supplemental briefs regarding the defendants' Motion to Dismiss after the

completion of jurisdictional discovery.

## BACKGROUND

The Bonnet Carré Spillway was constructed north of New Orleans, Louisiana, as part of the Mississippi River and Tributaries Project.  The Spillway was designed to divert water from the Mississippi River into Lake Pontchartrain in an effort to prevent flooding in the Mississippi Delta.  After entering Lake Pontchartrain, the water diverted by the Spillway flows into the Mississippi Sound.

The plaintiff, Mississippi's Secretary of State, has filed this lawsuit against the United States Army Corps of Engineers, which is responsible for the physical operation of the Mississippi River and Tributaries Project and the Spillway, as well as its Commanding General.  The plaintiff has also sued the Mississippi River Commission ("MRC") and its President-Designee because the plaintiff claims the MRC is responsible for decisions regarding the operation of the Spillway.  The plaintiff claims that river water released while the Spillway was open during the spring and summer of 2019 caused damage to the Mississippi Public Tidelands Trust, which includes the Mississippi Sound and its submerged lands.

The plaintiff has filed his claims pursuant to the Administrative Procedure Act ("APA").  He asserts that the Corps and the MRC failed to perform the full environmental impact analysis required by the National Environmental Policy Act ("NEPA") before deciding to open the Spillway on a more regular basis.  In addition, the plaintiff alleges that these defendants failed to supplement the Environmental Impact Statement for the Mississippi River and Tributaries Project to reflect the changed circumstances including changes in water volumes as well as ecological

changes to the Sound caused by Hurricane Katrina and the Deepwater Horizon Oil Spill.  He seeks an order requiring the defendant to perform a Supplemental EIS and a preliminary injunction requiring the defendants to open the Morganza Spillway.

The defendants filed a Motion to Dismiss, requesting dismissal of the plaintiff's NEPA claim for lack of jurisdiction and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  The defendants also seek dismissal of all of the plaintiff's claims against MRC for failure to state a claim.  The plaintiff filed a motion seeking permission to conduct jurisdictional discovery.  The Court granted the request for jurisdictional discovery to the extent that the defendants were ordered to designate and produce the administrative record.  (Order, ECF No. 29). The Court also granted the plaintiff permission to provide a supplemental brief regarding the Motion to Dismiss or, if necessary, file a second motion for jurisdictional discovery after review of the administrative record.  The motion was denied in all other respects.  The defendants produced the administrative record, and the plaintiff filed his Second Motion for Jurisdictional Discovery.  The defendants later supplemented the administrative record, but the plaintiff continues to assert that discovery is necessary for a determination of the defendants' Motion to Dismiss.

## DISCUSSION

"Federal courts have jurisdiction over lawsuits against the United States and its agencies only to the extent that sovereign immunity has been waived."  *Charles*

*v. McHugh,* 613 F. App'x 330, 332 (5th Cir. 2015) (citing *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). A district court may find a lack of subject matter jurisdiction on either: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Wilson v. Houston Cmty. Coll. Sys.*, 955 F.3d 490, 494-95 (5th Cir. 2020). The party responding to the 12(b)(1) motion bears the burden of proof that subject matter jurisdiction exists. *Id.* "Courts must strictly construe all waivers of the federal government's sovereign immunity and must resolve all ambiguities in favor of the sovereign." *Linkous v. United States*, 142 F.3d 271, 275 (5th Cir. 1998).

Congress enacted NEPA for the purpose of "promot[ing] efforts which will prevent or eliminate damage to the environment and biosphere[.]" 42 U.S.C. § 4321. To accomplish this, NEPA requires federal agencies to include, inter alia,

> in every recommendation or report on . . . major [f]ederal actions significantly affecting the quality of the human environment, a detailed statement by the responsible official on—(i) the environmental impact of the proposed action, (ii) any adverse environmental effects which cannot be avoided should the proposal be implemented, [and] (iii) alternatives to the proposed action[.]

42 U.S.C. § 4332(C). This statement is referred to as an Environmental Impact Statement ("EIS"). The plaintiff claims that the Corps violated NEPA by failing to prepare an EIS concerning the impact of opening the Bonnet Carré Spillway. The Corps argues that there has been no waiver of sovereign immunity as to the plaintiff's NEPA claim because the plaintiff has not identified a legally required duty to supplement or amend the EIS concerning the Spillway.

-4-

The only potentially applicable waiver of sovereign immunity in this case is the APA, which "waives sovereign immunity for actions against federal government agencies, seeking nonmonetary relief, if the agency conduct is otherwise subject to judicial review." *See Louisiana v. United States*, 948 F.3d 317, 321 (5th Cir. 2020); *see also* 5 U.S.C. § 702.  Sovereign immunity is not waived by § 702 of the APA unless there has been "agency action," *Id.* at 321, which is defined to "include[ ] the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, *or failure to act*."  5 U.S.C. § 551(13) (emphasis added).

The plaintiff's claims in the present case are based on the Corps' alleged failure to act.  The APA provides relief for failure to act in section 706(1), which requires a reviewing court to "compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1).  "Thus, a claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take."  *Norton v. S. Utah Wilderness All. (SUWA)*, 542 U.S. 55, 64 (2004).

The defendants first argue that this Court's consideration of the plaintiff's claims should be limited to the administrative record pursuant to 5 U.S.C. § 706, which provides that the Court is required to review "the whole record or those parts of it cited by a party."  The Fifth Circuit has held that supplementation of the administrative record is not allowed unless the moving party demonstrates 'unusual circumstances justifying a departure' from the general presumption that review is

limited to the record compiled by the agency." *Medina Cty. Envtl. Action Ass'n v.*

*Surface Transp. Bd.*, 602 F.3d 687, 706 (5th Cir. 2010).

> Supplementation may be permitted when:
> (1) the agency deliberately or negligently excluded documents that may
> have been adverse to its decision, ...
> (2) the district court needed to supplement the record with
> "background information" in order to determine whether the agency
> considered all of the relevant factors, or
> (3) the agency failed to explain administrative action so as to frustrate
> judicial review.

*Id.* In addition, some courts have held that plaintiffs asserting failure to act claims

pursuant to Section 706(1) may rely on materials outside the scope of the

administrative record. *See. e.g., Friends of the Clearwater v. Dombeck*, 222 F.3d

552, 560 (9th Cir. 2000) (holding that federal review of Section 706(1) claims is not

confined to the administrative record in existence "at any single point in time,

because there is no final agency action to demarcate the limits of the record.") The

District Court for the District of Columbia has explained:

> [I]f an agency fails to act, there is no administrative record for a
> federal court to review. Therefore, there may well be reason for
> discovery, since agency delay is not necessarily a discrete event
> resulting from a decision based upon some sort of administrative
> record, but may be simply . . . after-the-event justifications which may
> need to be explored by plaintiffs.

*W. Watersheds Project v. Pool*, 942 F. Supp. 2d 93, 101 (D.D.C. 2013) (internal

citations and quotation marks omitted); *see also Cobell v. Babbitt*, 91 F. Supp. 2d 1,

38 (D.D.C. 1999) ("Extrinsic evidence is appropriate for consideration when the

processes utilized and factors considered by the decisionmaker require further

explanation for effective review.")

The defendants also argue that discovery is not necessary because the issue of whether the plaintiff has identified a legally required duty to act is a question of law that does not require factual analysis as to the merits of the plaintiff's claims. However, the plaintiff claims that the defendants had a duty to supplement the EIS on the Mississippi River and Tributaries Project pursuant to NEPA and one regulation, 40 C.F.R. § 1502.9(c).  NEPA requires "all agencies of the Federal Government" to prepare an EIS prior to taking "major Federal actions significantly affecting the quality of the human environment." 42 U.S.C. § 4332(2)(C).  The regulation cited by the plaintiff, 640 C.F.R. § 1502.9(c), requires agencies to supplement an EIS if: "(i) The agency makes substantial changes in the proposed action that are relevant to environmental concerns; or (ii) There are significant new circumstances or information relevant to environmental concerns and bearing on the proposed action or its impacts."  Under this regulation, "supplementation is necessary only if 'there remains major Federal action to occur,' as that term is used in § 4332(2)(C)."  *SUWA*, 542 U.S. at 73 (citing *Marsh v. Or. Nat. Res. Council*, 490 U.S. 360, 374 (2004)).  Thus, the determination of whether a supplemental EIS is required "will, of necessity, depend heavily upon the unique factual circumstances of each case."  *Westlands Water Dist. v. U.S. Dep't of Interior, Bureau of Reclamation*, 850 F. Supp. 1388, 1415 (E.D. Cal. 1994).

> To some extent, the finding is based on whether the proposed agency action and its environmental effects were within the contemplation of the original project when adopted or approved.  The inquiry requires a determination of whether plaintiffs have complained of actions which may cause significant degradation of the human environment.

*Id.* A supplemental EIS is not required if federal action would not change the status quo; therefore, routine operation of a facility does not require supplementation. *See Upper Snake River Chapter of Trout Unlimited v. Hodel*, 921 F.2d 232, 235 (9th Cir. 1990). Nor is supplementation required "every time new information comes to light after the EIS is finalized. To require otherwise would render agency decision-making intractable, always awaiting updated information only to find the new information outdated by the time a decision is made." *Marsh*, 490 U.S. at 373.

In his Complaint, the plaintiff alleges that the defendants' opening of the Spillway more frequently and for longer periods of time constituted "major federal actions" requiring supplementation of the EIS under NEPA.
In the present Motion, the plaintiff asks for permission to conduct jurisdictional, including depositions of each defendant.

The Court has reviewed the administrative record produced by the defendants. The administrative record exceeds 8000 pages. While the plaintiff's Complaint concerns operation of the Bonnet Carré Spillway in 2019, the majority of the administrative record contains studies and documents that precede 1999. The only post-2011 documents that appear to relate to recent decisions to open the Bonnet Carré Spillway are various memoranda totaling seventeen pages that were produced as a supplement to the administrative record on September 28, 2020. As a result, the Court finds that the defendants have not provided sufficient information to permit judicial review. In the alternative, this may be a situation in which the

defendants' failure to act prevented creation of an administrative record pertinent to the claims pending before the Court.

For these reasons, the Court finds that the plaintiff should be permitted to conduct jurisdictional discovery concerning the defendants' compliance or lack of compliance with NEPA. The plaintiff's discovery must be narrowly tailored to the precise issue of whether the defendants' operation of the Bonnet Carré Spillway in 2019 was within the contemplation of the original Mississippi River and Tributaries Project when adopted or approved. The defendants' Motion to Dismiss is taken under advisement.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [49] Second Motion for Jurisdictional Discovery filed by the plaintiff is **GRANTED**. The plaintiff is granted **60 DAYS** within which to conduct jurisdictional discovery to the extent permitted by this Order.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the [14] Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim filed by the defendants is **TAKEN UNDER ADVISEMENT**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the plaintiff is permitted to file a supplemental memorandum in opposition to the defendants' [14] Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim on or before February 8, 2021. The defendants will be permitted to file a reply in support of their Motion on or before February 19, 2021.

**SO ORDERED AND ADJUDGED** this the 20th day of November, 2020.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE