# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL D. WATSON, JR. IN HIS OFFICIAL CAPACITY AS SECRETARY OF STATE AND TRUSTEE OF THE PUBLIC TIDELANDS TRUST <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES ARMY CORPS OF ENGINEERS, *et al.* <br><br> Defendants, <br><br> and <br><br> STATE OF LOUISIANA, <br><br> Defendant Intervenor. | ) ) ) ) ) ) ) ) ) Case No. 1:19-cv-00989-LG-RPM ) ) ) ) ) ) ) ) ) |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO STAY AND EXPEDITED MOTION TO STAY JURISDICTIONAL DISCOVERY PENDING ADJUDICATION OF THE MOTION TO STAY

COMES NOW, Plaintiff, Michael D. Watson, Jr., in his Official Capacity as Secretary of State and Trustee of the Public Tidelands Trust (the "Secretary of State" or "Plaintiff"), by and through undersigned counsel of record, Balch & Bingham LLP, and files this his Response to Defendants' Motion to Stay and Expedited Motion to Stay Jurisdictional Discovery Pending Adjudication of the Motion to Stay [Dkt. 62] (the "Motion"), and would show unto this Honorable Court the following:

It is worth noting that yesterday, January 6, 2020, this Court extended the jurisdictional discovery deadline in this case, so that such discovery could actually take place. *See* Order [Dkt.61]. Nevertheless, this Court clearly has the inherent power to stay this litigation. In fact, this Honorable Court fairly recently observed:

> In *Landis*, the United States Supreme Court held that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on

> its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis* [*v. N. Am. Co.*, 299 U.S. 248, 254 (1936)]. To accomplish this, the court "must weigh competing interests and maintain an even balance." *Id*.

*S. Indus. Contractors, LLC v. Neel-Schaffer, Inc.*, 2019 WL 1748531, at *2 (S.D. Miss. Apr. 18, 2019). Defendants maintain that they need two (2) months to review what amounts to seven (7) pages of an appropriations bill that totals 5,593 pages, but they fail to explain why such an extended period of time is necessary to review such a brief portion of legislation. Defendants also reference the burden imposed upon them by having to sit for a deposition. *See* Memorandum in Support of Motion [Dkt. 63], p. 7. Suffice it to say that the Secretary of State fails to appreciate how such burden is fundamentally different than the burden that any other litigant labors under every day in litigation all across the country. Moreover, to the extent that Defendants are burdened by being deposed, such burden pales in comparison to that borne by the people that the Mississippi Secretary of State represents when Defendants repeatedly introduce devastatingly large volumes of freshwater into the Mississippi Sound without having considering the environmental impacts of the same.

Perhaps more importantly, however, and with regard to Defendants' assertion of mootness, their argument rings hollow. The legislation identified by Defendants in their Motion does not mention (much less require) an Environmental Impact Statement ("EIS") or the National Environmental Policy Act ("NEPA"). Defendants ignore the Secretary of State's position that NEPA already imposes upon them an obligation to conduct an EIS or a Supplemental EIS, and it is this obligation that they have failed to meet. The legislation does not address what this litigation seeks to compel. Stated differently, it would appear that Defendants' argument is that they should be excused from their obligations under NEPA because Congress has appropriated money for another type of "study" that *may* address related subject matter. Respectfully, the legislation falls far short of rendering the present litigation moot, and when this Court weighs the competing interests so as to maintain an even balance, it should deny Defendants' Motion to Stay.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Michael D. Watson, Jr., in his Official Capacity as Secretary of State and Trustee of the Public Tidelands Trust, prays that this Honorable Court deny Defendants' Motion to Stay Jurisdictional Discovery Pending Adjudication of the Motion to Stay.

Respectfully submitted, this the 7th day of January, 2021.

|  |  |
|---|---|
| | MICHAEL D. WATSON, JR., IN HIS OFFICIAL CAPACITY AS SECRETARY OF STATE AND TRUSTEE OF THE PUBLIC TIDELANDS TRUST |
| BY: | BALCH & BINGHAM LLP |
| BY: | *s/ K.C. Hightower* _____<br>Of Counsel |

Ben H. Stone (MSB# 7934)
Terese T. Wyly (MSB# 7414)
Bradley A. Ennis (MSB# 103319)
K.C. Hightower (MSB# 101246)
Katie Hood (MBS# 104659)
Susan Scaggs (MSB# 105727)
BALCH & BINGHAM LLP
1310 Twenty Fifth Avenue
Gulfport, MS 39501
Telephone: (228) 864-9900
Facsimile: (228) 864-8221
bstone@balch.com
twyly@balch.com
bennis@balch.com
kchightower@balch.com
khood@balch.com
sscaggs@balch.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have, this the 7th day of January, 2021, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which delivered a copy of the same to all counsel of record who have properly registered with the ECF system.

*s/ K.C. Hightower*
Of Counsel